IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PAUL PIERCE and GILBERT MARTIN, | Civil Action No. 9:14-CV-1028 (GTS/DEP) |
| Plaintiffs, | [Unrelated Case] |
| v. | |
| CRAIG DEMMON, Sergeant Bare Hill Correctional Facility, *et al.*, | |
| Defendants. | |

_____

| | |
|---|---|
| JAMAL BERTRAND, *et al.*, | Civil Action No. 9:14-CV-1456 (GTS/DEP) |
| Plaintiffs, | [Lead Case] |
| v. | |
| CRAIG DEMMON, Sergeant, Bare Hill Correctional Facility, *et al.*, | |
| Defendants. | |

_____

| | |
|---|---|
| JAMEL WEAVER, *et al.*, | Civil Action No. 9:15-CV-0403 (GTS/DEP) |
| Plaintiffs, | [Member Case] |
| v. | |
| CRAIG DEMMON, Sergeant, Bare Hill Correctional Facility, *et al.*, | |
| Defendants. | |

_____

_____

| | |
|---|---|
| SHANE GORDON, *et al.*, | Civil Action No. 9:15-CV-1233 (GTS/DEP) |
| Plaintiffs, | [Member Case] |
| v. | |
| CRAIG DEMMON, Sergeant, Bare Hill Correctional Facility, *et al.*, | |
| Defendants. | |

_____

APPEARANCES:  OF COUNSEL:

FOR PLAINTIFFS:

KEACH LAW OFFICE  ELMER R. KEACH, III., ESQ.
One Pine West Plaza, Suite 109
Albany, NY 12205

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN  TIMOTHY P. MULVEY, ESQ.
New York State Attorney General  Assistant Attorney General
615 Erie Blvd. West
Suite 102
Syracuse, NY 13204

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in connection with these actions are plaintiffs' motions seeking (1) leave to amend their complaint in Civil Action No. 9:14-CV-1028 (GTS/DEP) and join additional defendants, and (2) an

order compelling the New York State Department of Corrections and Community Supervision ("DOCCS") to comply with a subpoena. Dkt. Nos. 64, 70. Also before the court is defendants' request to consolidate Civil Action No. 9:15-CV-1233 (GTS/DEP) with the three other above-captioned cases. Dkt. No. 84.

Based upon a review of the papers submitted in connection with the pending motions and the parties' oral presentations, it now appears clear that Civil Action No. 14-CV-1028 (GTS/DEP) involves an incident that occurred on February 5, 2013, whereas the remaining three cases set forth above stem from events that occurred on February 7, 2013. For that reason, Civil Action No. 14-CV-1028 will be severed from the other actions. The other actions – specifically, Civil Action No. 9:14-CV-1456 (GTS/DEP), Civil Action No. 9:15-CV-0403 (GTS/DEP), and Civil Action No. 9:15-CV-1233 (GTS/DEP)) – will be consolidated, and Civil Action No. 9:14-CV-1456 (GTS/DEP) will now be designated as the lead case.

In addition, I find that plaintiffs have established good cause to extend the deadline for joinder and amendment in Civil Action No. 9:14-CV-1028 (GTS/DEP), and that consideration of the relevant factors under Rules 15 and 21 of the Federal Rules of Civil Procedure warrants granting plaintiffs' motion for leave to amend and to join additional defendants.

3

With respect to the plaintiffs' motion to compel compliance with a subpoena, the parties' submissions and oral presentations reflect that, with one exception, the issues raised in plaintiffs' motion have now been resolved. As to the remaining unresolved issue, I find that defendants have failed to sustain their burden of demonstrating a basis to find undue burden, and therefore will grant plaintiffs' application.

Based upon the parties' written and oral submissions and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

(1)     Plaintiffs' motion for leave to amend and to join parties (Dkt. No. 70) is GRANTED.

(2)     On or before November 20, 2015, plaintiffs shall file an amended complaint in Civil Action No. 9:14-CV-1028 (GTS/DEP) in the form of that accompanying their motion.

(3)     The clerk shall issue summonses for the newly added defendants, and plaintiffs shall promptly make arrangements for service upon those defendants or acceptance of service by the Office of the New York State Attorney General.

(4)     Civil Action No. 9:14-CV-1028 (GTS/DEP) is hereby severed from the remaining three actions set forth above and will proceed separately,

inasmuch as it involves an incident separate and distinct from that at issue in the remaining cases.

(5) Defendants' application to consolidate Civil Action No. 9:15-CV-1233 (GTS/DEP) with the remaining cases involving the February 7, 2013 incident (Dkt. No. 84) is GRANTED, except that, as discussed above, Civil Action No. 9:14-CV-1028 (GTS/DEP) is severed from the consolidated matters.

(6) Civil Action No. 9:14-CV-1456 (GTS/DEP) is now designated as the lead case, and all filings in that case, Civil Action 9:15-CV-0403 (GTS/DEP), and Civil Action No. 9:15-CV-1233 (GTS/DEP) shall be made in that lead case.

(7) Plaintiffs' motion to compel discovery and compliance with the DOCCS subpoena (Dkt. No. 64) is GRANTED, in part.

(8) Defendants and the DOCCS are hereby directed to conduct a search of all available DOCCS grievances alleging staff misconduct filed by inmates at the Bare Hill Correctional Facility from January 1, 2005 to the date of production, and to produce to plaintiffs' counsel, within twenty-one days, a list of any such grievances that relate to frostbite or exposure of inmates to cold.

(9) With the exception of the foregoing, plaintiffs' motion to compel

compliance with the subpoena at issue (Dkt. No. 64) is DENIED as moot.

(10) No costs or attorney's fees are awarded to any party in connection with the pending motions.

(11) The deadlines for completion of discovery and the filing of motions in Civil Action No. 9:14-CV-1028 are hereby extended to May 2, 2016 and July 1, 2016, respectively. The deadlines for completion of discovery and the filing of motions in the remaining three, consolidated cases are hereby extended to April 1, 2016 and June 1, 2016, respectively. These deadlines are firm and will not be extended further absent compelling and unforeseen circumstances.

(12) The clerk is respectfully directed to file this order in all four of the above-captioned cases.

Dated: November 12, 2015
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge